UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
TIVARUS MCRAE,                :
                              :    Civ. Action No. 17-2321 (NLH)
            Petitioner,       :
                              :
        v.                    :
                              :    MEMORANDUM OPINION
WARDEN DAVID ORTIZ,           :
                              :
            Respondent.       :
_____:

IT APPEARING THAT:

1. Petitioner Tivarus McRae ("Petitioner") has filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 before this Court. (ECF No. 1.)

2. Petitioner alleges that he was "unlawfully and/or illegally placed in F.C.I. Estill on 12.15.1998 by United States District Court, Eastern District of North Carolina- Western Division, case number 5:98-CR-00037-012.5." (Pet. ¶ 3.)

3. He further alleges that his imprisonment is "unlawful and/or illegal in violation of the laws and Constitution for [sic] the United States because: Petitioner cannot be imprison[ed] for violating any of the crime(s) and/or offense(s) stated in case number 5:98:CR-00037-012 because the United States did not have jurisdiction over the land(s) of where the alleged crime occurred pursuant to Title 40 U.S.C. Section 3112 (b)." (Pet. ¶ 6.)

4. Petitioner further alleges that his imprisonment is "in violation of the Tenth Amendment, Ninth Amendment, Fifth Amendment Due Process; Fourth Amendment "Unlawful Seizure"; Eighth Amendment "Cruel and Unusual Punishment; Title 18 U.S.C. Section 7/(3), 5, 13(a); Title 40 U.S.C. Section 3112(b), Article 1, Section 8 clause 17 of the U.S. Const; Article 4, Section 3, clause 2 of the U.S. Const."  (Id.)

5. Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), "[t]he petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground…." Here, Petitioner has failed to specify his grounds for relief and state the facts supporting said grounds.  As such, the Court will require Petitioner to submit an amended petition which complies with Rule 2(c).

6. Should Petitioner decide to submit an amended petition, the Court offers the following guidance.  To the extent Petitioner is challenging the validity of his sentence, "motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  Motions pursuant to § 2255 are filed with the court that imposed the sentence.  28 U.S.C.

§ 2255(a). Therefore, if Petitioner wishes to challenge his conviction or sentence as imposed, he must file a § 2255 motion with the federal district court where he was convicted and sentenced.

7. To the extent Petitioner is challenging the execution of a federal sentence, Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Should he choose to file an amended Section 2241 petition challenging the execution of his sentence, because Petitioner is confined at Fort Dix, said petition would be properly before this Court.

8. In light of the foregoing, the Court will administratively terminate this matter.[1] If Petitioner is challenging the validity of sentence or conviction, he must file a Section 2255 petition before the district court where he was convicted. If Petitioner is challenging the execution of his

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

sentence, and he wishes to re-open the instant matter, he must submit an amended petition which clearly outlines his grounds for relief and the facts supporting said grounds.

9. An appropriate order follows.


Dated: May 22, 2017                    s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.